IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO.: 1:11cr35-SPM

TAVARIS LORENZO SCANES

_____/

**ORDER DENYING MOTION FOR TRAVEL AND SUBSISTENCE EXPENSES**

This cause comes before the Court on Defendant's Motion for Payment of Defendant's Travel and Subsistence Expenses. Doc. 32. In the motion, filed on Thursday, May 10, 2012, Defendant asks the Court to direct the United States Marshal to arrange an overnight stay for Defendant at a motel in Gainesville, Florida on Sunday, May 13, 2012 (so he can meet with his attorney before a suppression hearing on Monday, May 14, 2012), and pay for Defendants travel, accommodations, and subsistence expenses. For the following reasons, the motion will be denied.

1.     The statutory authority cited by Defendant is Title 18, United States Code, Section 4285. This provision authorizes payment for one-way travel to court and subsistence during the period of travel. United States v. Gundersen, 978 F.2d 580, 584 (10th Cir. 1992); United States v. Headden, Case No. 09-

6406M, 2009 WL 2960382 (D. Ariz. 2009).  The statute does not cover additional expenses that Defendant is seeking.

2. Defendant has not provided any financial affidavit with his motion and there is no financial affidavit on record for the Court to review to make a finding that Defendant is without funds to secure transportation on his own. Although Defendant was appointed counsel to represent him, the cost for travel is much less than the cost for obtaining an attorney.  A quick inquiry by the Court reveals that the standard fare for Greyhound bus travel from Tallahassee, Florida to Gainesville, Florida is $43.00.

3. The motion does not allow reasonable time for the United States Marshal to make arrangements for Defendant.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion for Payment of Defendant's Travel and Subsistence Expenses (doc. 32) is denied.

2. The denial is without prejudice to Defendant's opportunity to seek reimbursement through the Federal Bench and Bar Fund[1] by filing a motion for approval of the expenses with this Court and, if approved, submitting a request for reimbursement to the Chairman of the Fund, attorney Wright Moulton of

---

[1] Administrative Order Establishing Bench and Bar Fund, July 30, 1996, N.D. Fla. Misc. Case No. 4:95mc40112, p. 3 at (k).

CASE NO.: 1:11cr35-SPM

Pensacola, Florida.

3. The denial is without prejudice to Defendant's opportunity to seek travel and subsistence for trial under Title 18, United States Code, Section 4285, provided that the motion is timely filed and supported to show that Defendant is unable to pay for his own transportation and subsistence during travel.

DONE AND ORDERED this 11th day of May, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:11cr35-SPM